SMALL CAPS SAMMONS, APPELLANT, *v.* KELLY ET AL., APPELLEES.

[Cite as *Sammons v. Kelly* (1994), 68 Ohio St.3d 280.]

(No. 93–1638—Submitted and decided October 13, 1993—Opinion announced February 9, 1994.)

*Gloria Eyerly*, Ohio Public Defender, and *Kort Gatterdam*, Assistant Public Defender, for appellant.

*Mike Sheils*, City Prosecutor, for appellees.

*Per Curiam.*  The court of appeals held that Carey had authority to increase bail under Crim.R. 46(D) and (H).[1]  We disagreed, and, on October 13, 1993, we

---

1.  "(D) Pretrial release in misdemeanor cases.  A person arrested for a misdemeanor and not released pursuant to Crim.R. 4(F), shall be released by the clerk of court, or if the clerk is not available the officer in charge of the facility to which the person is brought, on his personal recognizance, or upon the execution of an unsecured appearance bond in the amount specified in the bail schedule established by the court.  If the clerk or officer in charge of the facility determines pursuant to a division (F) that such release will not reasonably assure appearance as required, the person shall be eligible for release by doing any of the following, at his option:

"(1) Executing an appearance bond in the amount specified in the court's bail schedule, with a deposit of either $25.00 or a sum of money equal to ten percent of the amount of the bond, whichever is greater.  Ninety percent of the deposit shall be returned upon the performance of the conditions of the appearance bond;

"(2) Posting a bond in the amount specified in the court's bail schedule, which bond is guaranteed to the person as a policyholder of a casualty insurer, or as a member of a bona fide motorists' or travelers' organization;

reinstated the $1,000 bond, consistent with this opinion to follow. 67 Ohio St.3d 1483, 620 N.E.2d 855.

The court of appeals reasoned that Crim.R. 46(H) permits a court to amend the bond required by the jailer pursuant to division (D)(2) and that the next-to-last paragraph of division (D) permitted Judge Carey to impose a felony bond pursuant to division (C). However, as appellant points out, the premise of that penultimate paragraph of division (D), necessary to invoke its conclusion, is that the appellant not have been released on his own recognizance, *or* upon execution of an unsecured appearance bond, *or* pursuant to division (D)(1), (2) or (3). Appellant was, in fact, released pursuant to division (D)(2); therefore, the premise of the paragraph was not fulfilled and the conclusion that Judge Carey could set bond pursuant to the felony provisions of division (C) could not be invoked, especially in light of Crim.R. 46(J).[2]

Under Crim.R. 46(D), a judge may set a felony bond for an alleged misdemeanant only if the alleged misdemeanant has not been previously released on his or

---

"(3) Executing a bail bond with sufficient solvent sureties, or executing a bond secured by real estate in the county, or depositing cash or the securities allowed by law in lieu thereof in the amount specified in the court's bail schedule.

"A person need not be released on his own recognizance or upon the execution of an unsecured appearance bond if he has a history of failure to appear when required in judicial proceedings, or if his physical, mental, or emotional condition appears to be such that he may pose a danger to himself or others if released immediately. When a person is not released because of his physical, mental, or emotional condition, and it appears that his release into the temporary custody of a responsible relative, friend, or other person will obviate the danger to himself or others, he shall be released into such temporary custody on his making bail under division (D)(1), (2) or (3).

"*If a person is not released on his own recognizance, or upon the execution of an unsecured appearance bond, or pursuant to division (D)(1), (2), or (3), he shall be given a hearing without unnecessary delay before a judge or magistrate who shall determine the conditions of his release pursuant to division (C).*

"Each court shall establish a bail schedule covering all misdemeanors including traffic offenses, either specifically, or by type, or by potential penalty, or by some other reasonable method of classification. Each court shall, by rule, establish a method whereby a person may make bail under division (D)(1) or (3) by the use of a credit card. Such rule shall permit only credit cards of recognized and established issuers. No credit card transaction shall be permitted when a service charge is made against the court or clerk.

"* * *

"(H) Amendments. Subject to divisions (C) and (G), a judge or magistrate ordering the release of a person on any conditions specified in this rule may at any time *amend his or her order* to impose additional or different conditions of release." (Emphasis added.)

2. "Continuation of bonds. Unless application is made by the surety for discharge, the same bond shall continue *as a matter of right* until the return of a verdict or judgment by a jury or by the court on the issue of guilt or innocence. In the discretion of the trial judge, and upon notice to the surety, the same bond may also continue after final disposition in the trial court and pending sentence or pending disposition of the case on review. Any provision of a bond or similar instrument that is contrary to this rule is void." (Emphasis added.)

her own recognizance, pursuant to an unsecured appearance bond, or pursuant to a bond as provided in division (D)(1), (2) or (3).

In the instant case, Judge Carey converted a misdemeanor bond to a felony bond. This is not authorized by Crim.R. 46 and is therefore excessive as a matter of law. Accordingly, the decision of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.